FRC of Kamms Corner, Inc., Appellant, *v.* Cleveland Board of Zoning Appeals, Appellee.

(No. 47110—Decided March 15, 1984.)

*Ms. Nancy A. Noall,* for appellant.
*Mr. John D. Maddox,* law director, and *Mr. Michael Pohl,* for appellee.

CORRIGAN, P.J. FRC of Kamms Corner, Inc., the appellant in the above-captioned case, is a small restaurant located in Cleveland, Ohio. In 1972, it placed a mobile, double-faced sign on the property in front of its building. Upon discovering that mobile signs were not allowed within the setback area of the property for longer than thirty days, it structurally reinforced the sign and embedded it in a large concrete pad. Although no permit was obtained from the city of Cleveland to utilize the reinforced sign, it remained on the property without challenge for nine years.

In 1982, the city of Cleveland notified the appellant that the sign was in violation of an ordinance prohibiting temporary advertising signs within the setback area of the property. The appellant was also notified that the sign was not structurally sound. The appellant thus had the sign further reinforced to comply with all ordinances.

At the time of this notification, the

appellant made application to receive a use permit for the sign. The Cleveland Building Commissioner refused to issue the permit because the sign was located within the setback area. The appellant appealed this decision to the Cleveland Board of Zoning Appeals, which affirmed the commissioner's ruling on October 11, 1982. On October 14, the appellant appealed the board's decision to the Cuyahoga County Common Pleas Court pursuant to R.C. 2506.01. A motion for a trial *de novo* was filed in the court so it could consider constitutional challenges to the city ordinances raised by the appellant and unable to be addressed by the board of zoning appeals. On May 23, 1983, the trial court held that it had no jurisdiction to rule on the constitutional issues because, pursuant to R.C. 2721.12, the Ohio Attorney General had not received notice of the action. Because the trial court would not allow a continuance, the appellant was not afforded an opportunity to serve notice on the Attorney General. On May 30, 1983, the court affirmed the decision of the board of zoning appeals. The appellant is now before this court assigning the following errors:

"I. The trial court erred in dismissing appellant's assignments of error that attacked the constitutionality of certain zoning ordinances of the city of Cleveland.

"II. The trial court erred in denying appellant's motion to add the Attorney General for the state of Ohio and the city of Cleveland as defendants-appellees.

"III. The trial court erred in upholding appellee's determination that appellant's sign violates Sections 343.01(b)(5), 343.11(b)(2)(K), 357.07(a), 357.13(b)(5) and 3111.15 [*sic*] of the Codified Ordinances of the city of Cleveland.

"IV. The trial court erred in failing to order appellee to grant appellant a permit for its sign.

"V. The trial court erred in failing to order appellee to grant appellant a variance for its sign."

I

The first two assignments of error will be addressed jointly as they deal with whether the trial court properly ruled that it lacked jurisdiction to deal with the constitutional issues in this case. As held by this court in *Felder* v. *City Planning Comm. of Pepper Pike* (April 26, 1979), Cuyahoga App. No. 38663, unreported, at 6-7:

"It has been established that an administrative agency lacks authority to determine the constitutionality of a zoning ordinance. *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23 [67 O.O.2d 38]. However, the constitutional issue may be raised for the first time when the landowner appeals an adverse administrative decision to the Court of Common Pleas. *State, ex rel. Sibarco Corp.*, v. *City of Berea* (1966), 7 Ohio St. 2d 85. Moreover, this Court has held that any constitutional issue so raised shall be tried originally in the Common Pleas Court with the court permitting the parties to offer additional evidence. *S.M.C., Inc.* v. *Laudi* [(1975), 44 Ohio App. 2d 325], *supra*, at 330."

Therefore, trial courts clearly do have jurisdiction to rule on constitutional challenges to municipal ordinances raised in appeals pursuant to R.C. 2506.01.

In the instant case, the trial court's decision that it did not have jurisdiction was based on its interpretation of R.C. 2721.12. That statute states:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and if

any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general shall also be served with a copy of the proceeding and shall be heard."

However, R.C. 2721.12 does *not* apply to every action involving a constitutional challenge to a municipal ordinance. In *Royal American Corp.* v. *Euclid* (June 8, 1978), Cuyahoga App. No. 37005, unreported, this court held that R.C. 2721.12 specifically applies to actions which are *initiated* as declaratory judgment actions. This action was brought as an *appeal* from the ruling of an administrative agency, *not* as a declaratory judgment action. Therefore R.C. 2721.12 is inapplicable to this case, and the appellant was not required to serve notice of the action on the Ohio Attorney General. Therefore, the trial court erred in holding that it had no jurisdiction to rule on the constitutional challenges to the Cleveland ordinances.

## II

The appellant's third and fourth assignments of error will also be addressed together as they involve common issues of law and fact. The appellant makes a great effort to draw this court's attention to the difference between an "advertising sign" and a "business identification sign." Such a distinction, though, is irrelevant in this case. As the record indicates the appellant did not dispute the fact that the sign which is the subject of this dispute is a "ground sign." Section 3113.15(a) of the Cleveland Codified Ordinances states in relevant part that:

"(1) An identification pole sign for a business building on the premises occupied by the sign may be located in front of a setback building line, but no part of any such identification pole sign shall project beyond the property line. The area of one face of an identification pole sign shall not exceed 65 square feet, the sphere of a spherical identification pole shall not exceed 6 feet in diameter. No ground sign other than an identification pole sign shall be located in front of or project beyond a setback building line. No display or advertising sign shall be attached to the pole of an identification pole sign other than the display surface originally constructed as a part of such sign."

There is no evidence that the sign in question is a "pole sign." The appellant has clearly admitted that the supports of the sign are embedded in a heavy concrete pad and surrounded by a planter. Thus, even if the sign is a business identification rather than an advertising sign, it is not a "pole sign," and only pole signs are allowed within the setback area of the property. The trial court was therefore correct in affirming the decision of the board of zoning appeals. The appellant's third and fourth assignments of error are overruled.

## III

In its final assignment of error, the appellant contends that it was entitled to a variance so it could maintain the sign within the setback area. Section 329.03 of the Cleveland Codified Ordinances reads:

"(a) *Conditions Requiring Variances.* Where there is practical difficulty or unnecessary hardship in the way of carrying out the strict letter of the provisions of this Zoning Code, the Board of Zoning Appeals shall have the power, in a specific case, to vary or modify the application of any such provisions in harmony with the general purpose and intent of this Zoning Code so that public health, safety, morals and general welfare may be safeguarded and substantial justice done.

"(b) *Limitation of Variance Powers.* Such variance shall be limited to specific cases where:

"(1) The practical difficulty or unnecessary hardship inheres in and is peculiar to the premises sought to be

built upon or used because of physical size, shape or other characteristics of the premises or adjoining premises which differentiate it from other premises in the same district and create a difficulty or hardship caused by a strict application of the provisions of this Zoning Code not generally shared by other land or buildings in the same district.

"(2) Refusal of the variance appealed for will deprive the owner of substantial property rights; and

"(3) Granting of the variance appealed for will not be contrary to the purpose and intent of the provisions of this Zoning Code."

In *Consolidated Mgmt., Inc.* v. *Cleveland* (1983), 6 Ohio St. 3d 238, the Ohio Supreme Court, in ruling on a challenge to Cleveland Ordinance Section 329.03, stated at 242:

"In the present case, appellees imposed the hardship upon themselves as they acquired an interest in the premises with knowledge of the zoning classification. Where a purchaser of commercial property acquires the premises with knowledge of the zoning restrictions, he has created his own hardship and generally cannot thereafter apply for a zoning variance based on such hardship. The record before us is void of any clear evidence of unnecessary hardship or practical difficulty except those created by appellees. The mere fact that appellees' property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification."

As in *Consolidated Mgmt.*, the hardship in this case, if it exists at all, was self-imposed by the appellant. The appellant was aware of the Cleveland ordinance and constructed its sign in direct contravention of that ordinance. The appellant argues that because the city did not strictly enforce the ordinance for a number of years, it should now be prevented from requiring the appellant to comply with it. This argument is without merit. It is the appellant's responsibility to comply with the law. Additionally, the evidence does not indicate that the appellant will suffer unnecessary hardship if the ordinance is enforced. The appellant already has a number of other signs on and around its building.

An administrative agency has broad discretion in its decision-making. A trial court should not overrule an agency decision when it is supported by a preponderance of reliable and substantial evidence. *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202 [12 O.O.3d 198]. The record in this case indicates that the appellant presented little, if any, evidence supporting its argument that it was deserving of a variance to keep its sign within the setback. Therefore, appellant's fifth assignment of error is not well-taken.

Accordingly, we affirm the decision of the trial court in its affirmance of the decision of the Cleveland Board of Zoning Appeals. However, we reverse the trial court's ruling regarding its own jurisdiction to hear constitutional challenges to the municipal ordinances. The case is therefore remanded to the trial court for a decision on the constitutionality of the challenged ordinances of the city of Cleveland.

*Judgment affirmed in part and reversed in part, and cause remanded.*

NAHRA and McMANAMON, JJ., concur.