ROY et al., Appellants,

v.

CLEVELAND BOARD OF ZONING APPEALS, Appellee.

[Cite as *Roy v. Cleveland Bd. of Zoning Appeals* (2001), 145 Ohio App.3d 432.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78474.

Decided Aug. 27, 2001.

*Mansour, Gavin, Gerlack & Manos* and *Eli Manos,* for appellants.

*Sonkin, Fromson, Kess & Koberna Co., L.P.A., Richard A. Fromson* and *Jeffrey M. Sonkin; Michele T. Lynch* and *Dennis A. Matejka,* Assistant Law Directors, for appellee.

ANN DYKE, Judge.

Debra J. Roy and Ron C. Roy appeal from the judgment of the trial court that affirmed the decision of the Cleveland Board of Zoning Appeals and rejected their attempt to use their property for automobile towing and storage. For the reasons set forth below, we reverse and remand for further proceedings.

The record reveals that the Roys purchased the subject property, located at 4190 Bradley Road, in 1995. At this time, the parcel was zoned for General Industry and the Roys operated a junkyard in conformance with this zoning classification. In 1996, the property was rezoned for Residence–Industry. Following this rezoning, the operation of junk or wrecking yards and the storing of salvage-related materials were prohibited after eighteen months. See Section 347.06(a), which provides:

"No junk or wrecking yard not within a General Industry District, used for the storage or sale of salvaged lumber or other used building material, or of junk metals, paper, rags, rubber, glass or other discarded or salvaged articles, containers or materials, or for the wrecking or dismantling of motor vehicles, shall be operated or maintained for more than eighteen months after a zoning change to a use district within such yards are not permitted * * *."

In early 1999, Debra Roy applied for a permit to use the property for a wrecking/junk yard. The permit was denied, and Roy appealed to the Cleveland Board of Zoning Appeals ("BZA"). The BZA sustained the decision of the building commissioner, noting, *inter alia,* that Section 347.06 eliminated nonconforming rights and that the property was situated within the view of a new housing development. Roy did not commence a further appeal from this decision.

Thereafter, on June 4, 1999, Debra Roy applied for a permit in order to use the building and surrounding property for towing and storage. On June 7, 1999, the building commissioner denied the permit, noting the following:

"345.02(b) Permitted Uses in Residence Districts. No outdoor storage permitted.

"345.02(g) When Use is Non–Residential, truck operations cannot be conducted on evenings, nights, Sundays or holidays."

Roy appealed the denial to the BZA. Following a hearing, the BZA again denied the request for a change of use. In relevant part, the BZA noted that it had, during the previous year, denied Roy permission to change the use of the property to permit her to run a wrecking/junk yard. The BZA further noted:

"[S]aid change of use being contrary to the Industrial District Regulations of Section 345.02 where outdoor storage is not permitted in residence districts and when use is non-residential, truck operations shall not be conducted on evenings, nights, Sundays or holidays as stated in Section 345.02(g) of the Codified Ordinances. * * *. The Board finds that the appeal should be denied for the following reasons:

"1. The evidence presented establishes that the property originally was zoned as First Industrial and modified to a General Industry District in 1976; that in Calendar No. 99–46 the appellant was denied use of the existing property in question for a junk/wrecking yard; that outdoor storage is not permitted in Residence Districts by Section 345.02 of the Industrial District Regulations; that the appellant will consult with the council representative toward a solution that works with the efforts for revitalization of this area.

"2. Local conditions and the evidence presented justify the Board in denying the variance requested.

"3. Granting the appeal would be contrary to the intent and purpose of the zoning ordinances.

"4. In being refused this appeal, the owner will not suffer an unreasonable hardship since he is not being denied any use of the property not also denied other owners in that district similarly situated[.]"

On August 30, 1999, Debra Roy and Ron C. Roy appealed the decision of the BZA to the court of common pleas. The Roys additionally complained that the city's zoning ordinance is unconstitutional as applied to the parcel and that the 1996 elimination of nonconforming uses, pursuant to Section 347.06, is unconstitutional. To support this challenge, the Roys sought to introduce additional evidence. The court of common pleas subsequently affirmed the decision of the

BZA and rejected the constitutional claim. Plaintiffs now appeal, assigning two errors for our review.

Plaintiffs' first assignment of error states:

"The trial court erred in not conducting an evidentiary hearing, as requested by appellants."

Within this assignment of error, plaintiffs assert that they were entitled to an additional evidentiary hearing before the court of common pleas.

Examining this matter solely as an administrative appeal of the decision of the BZA, we note that the hearing before the court of common pleas is confined to the transcript of the administrative body, unless one of the conditions specified in R.C. 2506.03 appears on the face of the transcript or by affidavit. *Dvorak v. Athens Mun. Civ. Serv. Comm.* (1976), 46 Ohio St.2d 99, 75 O.O.2d 165, 346 N.E.2d 157, paragraph one of the syllabus. The statutory conditions which justify an additional evidentiary hearing include:

"(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;

"(2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:

"(a) Present his position, arguments, and contentions;

"(b) Offer and examine witnesses and present evidence in support;

"(c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;

"(d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;

"(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

"(3) The testimony adduced was not given under oath;

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from[.]" R.C. 2506.03.

■ However, it is clear that a challenge to the constitutionality of an ordinance, as applied to a particular parcel, may also be brought pursuant to R.C. Chapter 2506. See *Grossman v. Cleveland Hts.* (1997), 120 Ohio App.3d 435, 698 N.E.2d 76. The *Grossman* court explained:

"After examining the pronouncements by the Ohio Supreme Court in *State ex rel. Sibarco Corp. v. Berea* (1966), 7 Ohio St.2d 85, 36 O.O.2d 75, 218 N.E.2d 428; and *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 67 O.O.2d 38, 309 N.E.2d 900, the court determined that a litigant should not be required to separately file an appeal of the administrative decision and a declaratory judgment challenging the constitutionality as applied of the ordinance at issue. *SMC, Inc. v. Laudi, supra,* 44 Ohio App.2d [325] at 328, 73 O.O.2d [378] at 380, 338 N.E.2d [547] at 550.

"The *SMC* court reasoned that issues over which a board of zoning appeals has jurisdiction are often intertwined with issues of constitutionality. The majority believed that permitting a litigant to use an R.C. Chapter 2506 appeal to address the issue of the constitutionality of a zoning ordinance as applied would expedite zoning litigation. An administrative agency does not have the authority to determine the issue of constitutionality. *SMC, Inc. v. Laudi, id.* at 330, 73 O.O.2d at 381–382, 338 N.E.2d at 551. Therefore, the constitutionality of zoning restrictions must be tried de novo by the common pleas court. *Id.* at paragraph 3 of the syllabus.

"The R.C. Chapter 2506 appeal claims that a prohibition against a specific proposed use is unconstitutional. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 16, 526 N.E.2d 1350, 1354–1355. In other words, it claims * * * that the ordinance is unconstitutional when applied to the specific property at issue. The duty of the trial court is to determine whether this prohibition has any reasonable relationship to the municipality's legitimate exercise of police power. *Id.* In contrast, the declaratory judgment action challenges the constitutionality of an existing ordinance per se. *Id.*" *Id.* at 439–440, 698 N.E.2d 76.

■ Further, this court has previously noted that an administrative agency, such as a board of zoning appeals, cannot determine whether an ordinance is unconstitutional as applied to a particular parcel. *Mobil Oil Corp. v. Rocky River* (1974), 38 Ohio St.2d 23, 67 O.O.2d 38, 309 N.E.2d 900; *FRC of Kamms Corner v. Cleveland Bd. of Zoning Appeals* (1984), 14 Ohio App.3d 372, 14 OBR 477, 471 N.E.2d 845; *Scafaria v. Fairview Park* (Nov. 12, 1992), Cuyahoga App. No. 61008, unreported, 1992 WL 333123; *Marquette Steel Co. v. Cleveland Bd. of Zoning Appeals* (Jan. 3, 1985), Cuyahoga App. No. 48397, unreported, 1985 WL 7418. This type of constitutional claim shall be tried originally in the court of common pleas, with the court permitting the parties to offer additional evidence.

*FRC of Kamms Corner v. Cleveland Bd. of Zoning Appeals, supra; S.M.C., Inc. v. Laudi* (1975), 44 Ohio App.2d 325, 73 O.O.2d 378, 338 N.E.2d 547.

To summarize, an appellant's options, as explained by the *Grossman* court, are as follows:

"1. Appellant could have filed [an] R.C. Chapter 2506 appeal, challenging the BZA's denial of his request for a variance on the grounds it was not supported by a preponderance of the reliable, probative and substantial evidence.

"2. Appellant could have challenged the constitutionality of the ordinance as applied to his specific property per R.C. Chapter 2506.

"3. Appellant could have filed a declaratory judgment action contesting the constitutionality of the ordinance on its face." *Id.* at 441, 698 N.E.2d 76.

In this instance, the Roys challenged the BZA's denial of the use variance, the constitutionality of the ordinance as applied to their specific property within the R.C. Chapter 2506 appeal, and also challenged the constitutionality of Section 346.07 on its face. Thus, plaintiffs should have been given an opportunity to present additional evidence on their claim that the ordinance is unconstitutional as applied to the parcel. *Id.* Plaintiffs are not permitted, however, within this R.C. Chapter 2506 appeal, to challenge the facial constitutionality of Section 347.06. *Id.* at 441, 698 N.E.2d 76.

In accordance with the foregoing, the assignment of error is well taken insofar as it asserts that the trial court erred in failing to permit the Roys to offer additional evidence upon their claim that the ordinance is unconstitutional as applied to the subject property. The judgment of the trial court is reversed, and the matter is remanded for further proceedings in accordance with this opinion.

Plaintiff's second assignment of error states:

"The lower court erred in failing to grant final judgment for the appellants for the following reasons:

"(A) Section 374.06, eliminating the non–conforming rights of the owners of property devoted to use as a junkyard 18 months after the use ceases to be permitted is unconstitutional and invalid because it conflicts with R.C. 713.15, which mandates the continuance of non-conforming uses.

"(B) Construing Section 345.02(b) and (g) strictly, the outdoor storage of motor vehicles and their repair is permitted in a residence–industry district; and

"(C) The application of the ordinances of the city of Cleveland to the Roy property construed as prohibiting devotion of the property to outdoor storage of motor vehicles and to their repair and to the continuance of the junkyard use do

not substantially advance a legitimate governmental interest and unconstitutionally deprive the Roys of property rights."

Plaintiffs next assert that the trial court erred in affirming the decision of the BZA because they meet the requirements for obtaining a variance pursuant to Section 329.03 of the Codified Ordinances, they established a prior nonconforming use of the property, and the city's regulations are unconstitutional as applied to their property.

In light of our disposition of the previous assignment of error, these claims are moot and we will not address them. App.R. 12(A)(1)(c). Reversed and remanded.

*Judgment reversed*
*and cause remanded.*

TIMOTHY E. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., concur.