JOURNAL ENTRY and OPINION.
{¶ 1} Defendants-appellants Raymond and Maryann Martin ("the Martins") appeal the trial court's denial of their appeal of the decision of the Independence Board of Zoning Appeals ("BZA"). The Martins have lived on a cul-de-sac in Independence since 1989. They have owned a camper which they park on their property. When they first acquired the camper, they parked it on a specially poured concrete pad on the side of their house and behind the building line of the lot, which was in compliance with the code passed in 1976. In 1993, the city passed a new ordinance controlling the location of campers on residential property. The campers must be stored behind the owner's home unless putting it there would require removing trees or other permanent structures. The revised ordinance permits existing campers to be stored on the side of the house for the life of the camper.
 {¶ 2} The Martins replaced their campers periodically as their family grew. The location of their camper on their property is currently in violation of the 1993 zoning ordinance because they replaced the camper they had at the time the ordinance was revised. The new camper is thirty-two feet long, whereas the former one was twenty-six feet long. The Martins claim that they cannot maneuver their camper into their back yard. They also note that their back yard ends in a cliff, which presents a hazard to driving the camper back there.
 {¶ 3} The neighbors whose property borders the side yard where the camper is stored vehemently object to the presence of the camper, which is located six feet from their property line and nine feet from their attached garage. These neighbors testified that when they were in the process of buying their house, the camper was never in the Martins' yard. When they saw the camper there just before closing on their house, they tried to get out of the deal but could not. They expressed both fear of explosion from the large propane tank in the camper as well as dismay at having to see the camper every time they pull in their yard or spend any time in either their back or front yards.
 {¶ 4} The Martins applied for a variance to allow them to keep their camper next to their home, but the BZA denied the variance. The Martins appealed to the common pleas court, which remanded the first appeal because the board used the wrong standard in addressing the request. The board held a hearing following this remand and again denied the variance. The Martins again appealed to the common pleas court, which upheld the ruling of the BZA. Appealing to this court, the Martins state ten assignments of error. Four of the assignments of error address the constitutionality of the ordinance and will be addressed together. These assignments of error state:
 The lower court ("Court") erred by failing to rule on the constitutionality of the City of Independence Zoning Ordinance 1143.03 ("The Ordinance") as applied.
 The court erred by failing to find the ordinance arbitrary, confiscatory and capricious on its face, and devoid of any recognized relation to, [sic] safety and welfare.
 The court erred by not ruling the ordinance unconstitutional as a vague and per se [sic] and as a `Tree Ordinance' enacted without adequate public notice as to collateral purpose and content to prevent `Tree Damage.'
 The court erred when it failed to rule that appellee's selective enforcement of the ordinance only against appellants, since its enactment to the present day, is arbitrary and confiscatory.
 {¶ 5} First, we note that when an appellate court analyzes the constitutionality of a zoning ordinance, it begins with a strong presumption that the ordinance is valid. Central Motors v. Pepper Pike
(1995), 73 Ohio St.3d 581. Further, the burden of proving a zoning ordinance is unconstitutional is on the party challenging its validity. Id. In order for an ordinance to be unconstitutional, it must be "determined by a court to be clearly arbitrary, and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains `beyond fair debate.'" Goldberg v. City of Richmond Heights
(1998), 81 Ohio St.3d 207, 214.
 {¶ 6} Further, "[w]here a municipality makes a determination as to what is beneficial or detrimental to community planning, * * * that decision is first and foremost a legislative matter. * * * A city may properly exercise its zoning authority in an attempt to preserve and protect the overall quality of life within the city's boundaries." Gerijo
(1991), 70 Ohio St.3d 228, at 228-229. The hurdle for proving the ordinance unconstitutional is, therefore, a high one.
 {¶ 7} The Martins argue that Independence's ordinance restricting the placement of campers to behind the home is unconstitutional, both on its face and as it applies to them. Assignments of error
 {¶ 8} VI and VII both address the constitutionality of the ordinance on its face, which challenge is not a proper subject for an R.C. 2506 administrative appeal. The proper vehicle for challenging the constitutionality of an ordinance is through a declaratory judgment action. Grossman v. Cleveland Heights (2997), 120 Ohio App.3d 435;T.T.R. Media v. Bratenahl, Cuyahoga App. No. 79308, 2002 Ohio 17. Because assignments of error VI and VII are improperly before this court, they are dismissed.
 {¶ 9} In assignments of error I and VIII, on the other hand, the Martins claim that Independence's enforcement of the ordinance is unconstitutional as it relates to their property. A challenge to the constitutionality of an ordinance as it is enforced against a particular parcel is properly brought under an administrative appeal. Roy v.Cleveland Bd. Of Zoning Appeals (2001), 145 Ohio App.3d 432.
 {¶ 10} First, the Martins allege that Independence was arbitrary and confiscatory in its selective enforcement of the ordinance against them. In order to demonstrate the BZA's arbitrary enforcement, Mr. Martin presented forty photographs he claimed showed campers produced in model years after the ordinance was revised parked at the side of houses. He claims these pictures showed other campers in violation of the ordinance. He produced no proof, however, that these campers were not made and owned by the residents before 1993. Instead, he relied on his claimed knowledge of the different models of the campers.
 {¶ 11} The Martins also argued that they were the only city residents to be prosecuted under this ordinance. The Martins referenced a resident who easily obtained a side yard variance for his camper and referenced an alleged lack of other enforcements. They provided no admissible evidence, however, to prove that they had been arbitrarily chosen for enforcement. Nothing in the record demonstrates inconsistent enforcement. Absent from the record are minutes of BZA meetings in which variances were granted or which contained references to any alleged animosity toward the Martins. The Martins submitted only unauthenticated photos which fail to demonstrate inconsistency on the part of the BZA. Additionally, to prove discriminatory arbitrary enforcement, a party must show not only that he has been singled out for prosecution, but also that "the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of his constitutional rights." Cleveland v. Trzebuckowski (1999),85 Ohio St.3d 524, 531.
 {¶ 12} Further, even if the ordinance is enforced on a "complaint-only" basis, such enforcement is not per se unconstitutional.Elsaesser v. Hamilton Bd. of Zoning Appeals (1990), 61 Ohio App.3d 641. The Martins have failed to prove that the city enforced the ordinance against them arbitrarily.
 {¶ 13} In addition to claiming the enforcement of the ordinance against them was arbitrary, the Martins claim that the ordinance is confiscatory as applied to them. "Generally, a zoning ordinance is not confiscatory so long as the owner is not deprived of the reasonable use of his or her property." Gerijo v. Fairfield (1994), 70 Ohio St.3d 223,228. The Martins presented no evidence that they were deprived of a reasonable use of their property. The evidence presented at the BZA hearing showed that the Martins could safely park their camper behind their house in compliance with the ordinance. Although parking behind the house undoubtedly will be more inconvenient than parking the camper in the side yard, it does not deprive the property owners of a reasonable use of their property. Mr. Martin himself testified that the camper would only take up ten to fifteen percent of their back yard. The Martins' claim that the ordinance is confiscatory lacks merit.
 {¶ 14} The Martins have failed to carry the burden of proof necessary to show that the ordinance was arbitrarily applied to them or that it was confiscatory.
 {¶ 15} The Martins also claim that the city failed to properly balance their property and equity rights when it weighed the evidence and ruled against them. The only argument presented in their brief, however, is the rhetorical question, "Who should think that the BZA's findings that appellants can drive across their front yard with their children and perch the RV on a cliff's edge is a prime example of both practical difficulties and unnecessary hardship?" Appellants' brief at 13, emphasis in original.
 {¶ 16} The evidence presented at the hearing showed that the Martins could drive the camper into their backyard without having to drive across their front lawn and that there is enough room to safely park the camper in spite of the cliff at the back of the yard. Further, the zoning inspector examined the property and the camper and determined that the camper could be maneuvered into the back yard from either side of the house. Additionally, Mr. Martin himself stated that they take out the camper only eight to ten times a year. Finally, it was undisputed that a city dump truck safely drove into the backyard with a load of mulch. Although the Martins might find it more convenient to keep the camper in their side yard, the evidence did not show that their property and equity rights were not balanced against those of the neighbors and the city. None of the Martins' constitutional arguments concerning the application of this ordinance to their property has merit.
 {¶ 17} The Martins also raise non-Constitutional arguments. First, they state:
 The court erred by failing to respond to or grant appellants' petitions to appear before the bench in formal or informal proceedings to argue for the presentation of additional testimonial evidence regarding disputed issues of the ordinance's interpretation, of disputed fact, and regarding challenges to appellant Raymond Martin's credibility regarding submitted exhibits.
 {¶ 18} The Martins claim that the trial court should have allowed them to present additional evidence in support of their claim that the ordinance was unconstitutional as enforced against their property. This court has previously explained the basis for introducing evidence at this type of hearing:
 Examining this matter solely as an administrative appeal of the decision of the BZA, we note that the hearing before the court of common pleas is confined to the transcript of the administrative body, unless one of the conditions specified in R.C. 2506.03 appears on the face of the transcript or by affidavit. Dvorak v. Municipal Civil Service Comm. (1976), 46 Ohio St.2d 99, 346 N.E.2d 157, paragraph one of the syllabus. The statutory conditions which justify an additional evidentiary hearing include:
 The transcript does not contain a report of all evidence admitted or proffered by the appellant;
 The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
Present his position, arguments, and contentions;
 Offer and examine witnesses and present evidence in support;
 Cross-examine witnesses purporting to refute his position, arguments, and contentions;
 Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;
 Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
The testimony adduced was not given under oath;
 The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
 The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from;' [sic] R.C. 2506.03.
 However, it is clear that a challenge to the constitutionality of an ordinance, as applied to a particular parcel, may also be brought pursuant to Chapter 2506. See Grossman v. Cleveland Heights
(1997), 120 Ohio App.3d 435, 698 N.E.2d 76."
Roy v. Cleveland Bd. Of Zoning Appeals (2001), 145 Ohio App.3d 432,435.
 {¶ 19} The Martins have not cited to any of the specified deficiencies. However, a challenge to the constitutionality of the application of an ordinance to a particular parcel may be brought under Chapter 2506. Roy at 436. But such a challenge begins with a different procedure. Because an administrative agency is not able to determine the constitutionality of applying an ordinance to a particular piece of property, the claim must be tried first in the court of common pleas and the parties permitted to introduce additional evidence. Roy at 436-437. "Either party may request, or the court on its own motions may require, that additional evidence be presented." SMC, Inc. v. Laudi (1975),44 Ohio App.2d 325, 330.
 {¶ 20} The Martins have not, however, articulated any valid constitutional issues. Nor did they request an evidentiary hearing at the trial level. Accordingly, this assignment of error is overrruled.
 The court erred by declining to take a "bench view" of appellants' property to review the best available evidence, and disposing of the case, sua sponte, as if a Civ.R. 56 proceeding.
 "IV. The court erred by failing to review the true stenographic transcript of the administrative (BZA) hearing or its abridged version submitted to facilitate the court's reviewing the full transcript and its references exhibits [sic], while considering appellee's "minutes of the BZA meeting" instead.
 {¶ 21} The Martins produce no argument to support their assertion that the judge should have personally viewed their property. "The court may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2). Because the Martins fail to provide any argument directly addressing the claimed necessity of the bench viewing the property, we need not address assignment of error four.
 The court erred by failing to find appellants' RV parking grandfathered, preexisting, nonconforming under [sic] R.C. 713.15 and local ordinances.
 {¶ 22} Before 1993, the zoning ordinance for Independence permitted owners to park their campers at the side of their homes. In 1993, Independence passed an ordinance requiring owners to park the campers behind their homes if they could reasonably be stored there. The Martins claim that the retroactive application of the new ordinance to residents who already had a camper stored at the side of their house violates the law.
 {¶ 23} They fail to mention, however, that the new ordinance grandfathering noncompliant campers applied only to any existing camper. The new ordinance permitted an existing camper to remain at the side of the house for the life of that camper. The ordinance did not grandfather replacement campers. The Martins had already replaced the grandfathered camper several times, although the city did not immediately enforce the ordinance against them.
 {¶ 24} Second, the Martins fail to note that the original camper located on the side of their house was twenty-six feet long whereas their current camper is thirty-two feet long. They have not replaced like with like, but rather introduced an even more obtrusive camper.
 {¶ 25} Further, the city is not preventing them from parking on their property. It is merely requiring them to locate the camper on their property in an area less offensive to the neighbors. They do not present a convincing reason for being permitted to continue a nonconforming use in parking their camper at the side of the house.
 "The issue of a zoning ordinance which eliminated extension of a nonconforming use was addressed by the Court of Appeals for Summit County in Beck v. Bd. of Zoning Appeals (1993), 88 Ohio App.3d 443, 624 N.E.2d 286. There, Beck sought a permit to expand the size of a nonconforming mobile home park. The zoning resolution provided for the continuing use of the land as it was, but prohibited alteration of the structures or enlargement of the area, space or volume devoted to such nonconforming use.
 The Beck court concluded that the resolution in question was appropriate. Local governments may prohibit the expansion, or substantial alteration of a nonconforming use, in an attempt to eradicate that use.' Beck at 446, citing Hunziker v. Grande (1982), 8 Ohio App.3d 87, 89, 456 N.E.2d 516. The Ohio Supreme Court reached a similar conclusion when it addressed the municipal version of R.C. 519.19. According to the court, `uses which do not conform to valid zoning legislation may be regulated, and even girded to the point that they wither and die.' Columbus v. Union Cemetery Assn. (1976), 45 Ohio St.2d 47, 49, 341 N.E.2d 298, citing Akron v. Chapman (1953), 160 Ohio St. 382, 116 N.E.2d 697, at paragraph one of the syllabus."
Coy v. Clarksfield Twp. Bd. of Zoning Appeals (April 25, 1997), Huron App. No. H-96-041, 1997 Ohio App. LEXIS 1714, at *8-9. The Coy court went on to say:
 "Notwithstanding these pronouncements, appellee urges that this court's Kelleys Island v. Johnson (Jan. 26, 1996), 1996 Ohio App. LEXIS 173, Erie App. No. E-95-030, unreported, decision requires that we sustain his assignment of error. We disagree. In Kelleys Island, Johnson was charged with violating a zoning ordinance when he substituted a new mobile home in the space on which an old mobile home had been situated. We concluded that to deprive an owner of a use which does not expand or enlarge his nonconforming use takes from him a vested right and is, therefore, unlawful. In the present matter, appellee has no vested right in expanding the size of his mobile home."
 {¶ 26} Similarly here, the Martins have replaced their camper with a larger camper. Even if the Martins' twenty-six foot camper could have been grandfathered, they have no vested right to expand the size of a nonconforming use by replacing it with a thirty-two foot camper. Further, the city is not prohibiting them from storing the camper on their property; it is merely restricting the location of this storage. This assignment of error is without merit.
 {¶ 27} The Martins argue the following two assignments of error together:
 The court erred when it failed to recognize the `unnecessary hardship' criteria applied as an `either/or alternative' under appellee's general zoning codes variance standards regarding appellant's property use, and as a consequence, ordered appellee BZA to employ only a `practical difficulty' test.
 The court erred when it failed to rule that appellants met their burden of proof under any property use or property `area variance' test, contrary to all evidence, contrary to law, and contrary to the required balancing of property rights and equities for which variance powers exist.
 {¶ 28} Remanding the first appeal of the BZA's ruling, the trial court stated,
 "Based upon the incomplete record submitted and use of the incorrect standard, the City of Independence Board of Zoning Appeals decision is hereby reversed and remanded. The City of Independence Board of Zoning Appeals shall apply the `practical difficulties' standard in Duncan v. Village of Middlefield * * * when it rehears the issue of whether appellants should be granted the area variance."
Journal entry of April 12, 2001.
 {¶ 29} In its decision after remand, the BZA stated that Mr. Martin "can park his recreational vehicle in his rear yard, by either accessing the right or the left side of his property. [Mr. Martin]'s recreational vehicle can access the rear yard of his property without damage to buildings, terrain, trees or any permanent obstacles just like other City and/or commercial vehicles have previously done." BZA Findings of Fact from July 11, 2001 meeting. The BZA found that parking the camper in the back yard presented neither a practical difficulty nor an unnecessary hardship. The Martins have not presented evidence to the contrary. Nor have they shown this standard to be improper.
 {¶ 30} None of the Martins' assignments of error has merit. Accordingly, the trial court is affirmed.
TIMOTHY E. MCMONAGLE, A.J., and JAMES J. SWEENEY, J., concur.