JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Angelo Martin, dba Martin Enterprises ("Martin"), appeals the trial court's decision affirming the decision of the City of Cleveland Building Standards and Building Appeals ("BSBA") dismissing Martin's appeal. Finding no merit to this appeal, we affirm.
 {¶ 2} In July 2001, the City cited Martin for violations of Cleveland Codified Ordinances ("C.C.O.") 345.02(b) and 3105.10, alleging that he was improperly using his property at 4201 Jennings Road for outdoor storage of bricks and building materials and that he failed to obtain a certificate of occupancy. Martin appealed to both the Board of Zoning Appeals and to the BSBA.
 {¶ 3} The BSBA conducted a hearing, and Martin argued that Ordinance No. 1252-95, which rezoned the district from general industry to residence-industry, was invalid because the City failed to give proper notice when the ordinance was initially adopted in 1996. Martin further argued that the legal description in the ordinance was incorrect. The BSBA dismissed Martin's appeal because it did not have jurisdiction to consider Martin's constitutional challenges to the ordinance.
 {¶ 4} Martin filed an administrative appeal with the court of common pleas. The court affirmed the BSBA's order and found all pending motions to be moot, including Martin's motion for judgment on the pleadings, motion to strike transcript, and motion to strike appendix 4.
 {¶ 5} Martin appeals, raising three assignments of error, which will be addressed out of order.
 Motion for Judgment on the Pleadings {¶ 6} In his first assignment of error, Martin argues that the trial court erred in denying his motion for judgment on the pleadings and motion to strike the transcript because the City failed to file the administrative record in a timely manner.
 {¶ 7} R.C. 2506.02 provides that within forty days after the notice of appeal from an administrative order is filed, "the officer or body from which the appeal is taken, upon the filing of a praecipe, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision appealed from."
 {¶ 8} Martin argues that the trial court should have granted his motion for judgment on the pleadings when the City failed to timely file the transcript. Supporting this argument, Martin cites Ketterer v. Cityof Cleveland. Cuyahoga App. No. 81345, 2003-Ohio-2301. In Ketterer, we held that the trial court erred in denying the plaintiff's motion for judgment on the pleadings when the City failed to timely file the record of the administrative proceedings.
 {¶ 9} We find Ketterer distinguishable because it involved a different statute, R.C. 119.12, which expressly provided a penalty for the failure to file the record. "Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected." Ketterer, supra at ¶ 8. However, the instant case involves R.C. 2506.02, which does not expressly provide a penalty when the transcript is not timely filed.
 {¶ 10} In Ferguson v. City of Cleveland (July 30, 1981), Cuyahoga App. No. 42987, this court, in comparing R.C. 2506.02 and 119.12, held that the failure to timely file a transcript pursuant to R.C. 2506.02
does not, on that basis alone, entitle a party to a judgment against the agency, unlike an appeal under R.C. 119.12. Instead, "in order to force compliance a court may have to invoke its contempt powers." Id., quotingSmith v. Bd. of Trustees (1979), 60 Ohio St.2d 13, 17, 396 N.E.2d 743. Therefore, the trial court may exercise discretion in determining the appropriate sanction when a party fails to comply with R.C. 2506.02.
 {¶ 11} In the instant case, the City filed the transcript approximately eleven days after it was statutorily required to be filed. Martin has failed to demonstrate that he suffered any prejudice because of the brief delay in filing the transcript. Therefore, the court did not abuse its discretion in denying judgment on the pleadings as a sanction for the City's failure to comply with R.C. 2506.02, nor do we find that the court abused its discretion in failing to strike the transcript.
 {¶ 12} Accordingly, Martin's first assignment of error is overruled.
 Affirmance of BSBA Order {¶ 13} In his third assignment of error, Martin argues that the trial court erred in affirming the BSBA's order because the City failed to provide him reasonable notice of the zoning change.
 {¶ 14} Appellate review of an R.C. 2506.04 administrative appeal from a common pleas court decision is limited to questions of law. Cappas Karas Investment, Inc. v. City of Cleveland, Board of Zoning Appeals,
Cuyahoga App. No. 85124, 2005-Ohio-2735 at ¶ 11.
 {¶ 15} Martin argues that the trial court erred in affirming the BSBA's order dismissing his appeal despite the lack of any admissible evidence. He claims that the administrative record was devoid of any evidence upon which the trial court could find that the City's actions and the ordinance were constitutional.
 {¶ 16} Martin first claims that the record proffered to the trial court failed to establish that he received notice from the City regarding the proposed zoning change for the subject property. Because of such failure, he argues that Ordinance No. 1252-95 is "null, void, and unenforceable."
 {¶ 17} C.C.O. 333.01 requires that the City hold a public hearing on proposed zoning changes and publish notice of the public hearing in the City Record. The Ohio Revised Code also requires the City to provide notice of public hearings on proposed zoning changes. R.C. 713.12 sets forth the procedural due process requirements of notice and hearing before any ordinance, measure, regulation, or amendment to any municipal zoning regulation may be passed. Specific to the instant case, Ohio law mandates that the City hold a public hearing and give at least thirty days notice of the time and place of the hearing in a newspaper of general circulation in the municipal corporation.
 {¶ 18} However, R.C. 713.121 provides that any challenge to the validity of a zoning ordinance or amendment thereto, alleging a procedural error in the adoption of the ordinance or amendment, must be brought within two years after the adoption of the ordinance or amendment.
 {¶ 19} In the instant case, Ordinance No. 1252-95 became effective on May 11, 1996. Therefore, an action challenging any procedural errors in its adoption had to be brought prior to May 11, 1998. Martin's challenge regarding notice is a procedural due process challenge and, thus, falls under the two-year limitation period. See, e.g., NG Construction, Inc.v. City of Pataskala, Licking App. No. 01CA00057, 2001-Ohio-1810. Therefore, because Martin brought this action in 2001, claiming that the City failed to follow the notice procedures before adopting the 1996 ordinance, his claim is barred by the two-year statute of limitations.
 {¶ 20} Even if Martin were to argue that the statute of limitations began to run when he received notice of the zoning change, Martin's previous administrative appeal to this court involving a citation for similar violations demonstrates that he had notice of the zoning change as early as December 1997. Martin v. City of Cleveland (Apr. 20, 2000), Cuyahoga App. No. 75405.
 {¶ 21} Martin argues, in the alternative, that even assuming that requisite notice was provided, the ordinance is still invalid because the notice given was defective due to an inadequate legal description of the property to be rezoned. He claims that "if a reasonable person cannot determine from the plain language the conduct that an ordinance proscribes, the ordinance is void for vagueness and unenforceable." Here, Martin is challenging the constitutionality of the ordinance.
 {¶ 22} A review of the record shows that the BSBA dismissed Martin's appeal because it lacked jurisdiction to consider his constitutional arguments. The trial court found that the BSBA's decision was not "unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record." We agree.
 {¶ 23} It is well settled that the issue of the constitutionality of a zoning ordinance cannot be administratively determined. Mobile Oil Corp.v. Rocky River (1974), 38 Ohio St.2d 23, 26, 309 N.E.2d 900; Cappas Karas Investment, supra at ¶ 12; Roy v. Cleveland Board of ZoningAppeals (2001), 145 Ohio App.3d 432, 436, 763 N.E.2d 240; SMC, Inc.v. Laudi (1975), 44 Ohio App.2d 325, 338 N.E.2d 547, paragraphs one and two of the syllabus. Therefore, no administrative agency, including the BSBA, has jurisdiction to consider the constitutionality of a zoning ordinance. Such jurisdiction lies with the common pleas court. Karchesv. Cincinnati (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350, paragraph one of the syllabus.
 {¶ 24} Therefore, because the BSBA did not have jurisdiction to consider Martin's constitutional challenges to Ordinance No. 12529-5 and because the statute of limitations had expired prior to Martin's challenge of alleged procedural errors, the trial court did not err in finding that the BSBA's order was proper. Accordingly, the third assignment of error is overruled.
 {¶ 25} Finally, Martin argues in his second assignment of error that the trial court erred in denying his motion to strike the notice of public hearing regarding Ordinance No. 1252-95, which the City included in an appendix. Because the trial court had no jurisdiction to consider Martin's constitutional challenge to the ordinance, the propriety of the attachment is a moot point. Accordingly, the second assignment of error is also overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Corrigan, J. concur.