OPINION
{¶ 1} Appellant, Karen R. McMillen, appeals from the August 19, 2005 judgment entry of the Trumbull County Court of Common Pleas, granting the motion of appellees, Trumbull Metropolitan Housing Authority ("TMHA") and Donald W. Emerson, Jr. ("Emerson"), to dismiss the first and second counts of appellant's complaint for failure to state a cause of action. *Page 2 
 {¶ 2} Appellant, a female over the age of forty, was a non-bargaining employee of appellee TMHA. She was hired on or about January 1, 1982, as the resident selection coordinator. Appellee TMHA is a housing authority organized pursuant to R.C. Chapter 3735, and is a political subdivision pursuant to R.C. 2506.01. Appellee Emerson is the Executive Director of appellee TMHA.
 {¶ 3} In September of 2004, appellee TMHA adopted a "Revised" Personnel Policies and Procedures Manual by Board Resolution No. 6708-04 ("the manual"). The stated purpose of the manual included the following: (a) to promote high morale and foster good working relationships among employees by providing uniform personnel policies, equal opportunities for advancement and consideration for employee needs; (b) to provide fair and equal opportunity for qualified persons to progress in their employment based on merit and fitness as determined through objective and practical personnel management methods; and (c) to ensure that all operations are conducted in an ethical and legal manner.
 {¶ 4} The manual further provided for a system of discipline based on "Just Cause" under Article XXIV, which provides:
 {¶ 5} "A. REPRIMANDS
 {¶ 6} "A warning (oral or written) may be given an employee for just cause. Reprimands will remain a permanent part of the personnel file. * * *
 {¶ 7} "B. SUSPENSION/DISCHARGE
 {¶ 8} "A suspension or discharge may be given an employee for just cause. A suspension or discharge will remain a permanent part of the personnel file.
 {¶ 9} "C. FILING A GRIEVANCE *Page 3 
 {¶ 10} "An employee may file a grievance for A or B above pursuant to the collective bargaining agreement. Non-bargaining unit employees may utilize the Open Door Policy as delineated under XXV."
 {¶ 11} For employees not in a bargaining unit the "Open Door Policy" under Article XXV of the manual states:
 {¶ 12} "PURPOSE
 {¶ 13} "The policy is an informal form of dispute resolution process to further positive employee relations for non-bargaining unit employees. The policy is based on the assurance that employees may exercise the open door policy without fear of reprisal. Finally, the policy is based on the principles of chain of command and assuring employees a hearing with those in a position to act upon the issue, typically, beginning with the immediate manager."
 {¶ 14} The manual also includes an "ACKNOWLEDGEMENT OF RECEIPT 
DISCLAIMER," signed by appellant on October 1, 2004, which states:
 {¶ 15} "I further acknowledge that the policies, benefits, rules and regulations set forth herein are not to be considered as creating terms and/or conditions of an employment contract, either expressed or implied. These policies are subject to unilateral changes by the Executive Director of the TMHA or the TMHA Board without notice."
 {¶ 16} According to appellant, on December 9, 2004, she was given a "written warning" for insubordination. She appealed the charges under the "Open Door Policy," but was not given a hearing. On March 22, 2005, appellee TMHA gave her a "notice of *Page 4 
suspension." Appellees referred the matter to the Chairman of the Board of Directors, Fred Kubli, Jr., who denied the appeal in a letter dated April 13, 2005, which states:
 {¶ 17} "I have received your appeal of your suspension that you provided to Attorney Dixon. After reviewing the situation that led to your suspension, I find no reason to change the decision made by Executive Director Emerson.
 {¶ 18} "Since this matter is on going, I expect you to adhere to all policies and if necessary avail yourself of the open door policy."
 {¶ 19} On May 3, 2005, appellant filed a complaint against appellees alleging that appellees disciplined her by intimidating and embarrassing her with the goal of terminating her employment. In her complaint, appellant asserts three causes of action: (1) review of appellee TMHA's disciplinary actions through an administrative appeal; (2) breach of contract; and (3) age discrimination in violation of R.C. 4112.14.
 {¶ 20} On July 11, 2005, appellees filed a joint motion to dismiss the first and second causes of action in appellant's complaint pursuant to Civ.R. 12(B)(1) and (6) on the following three grounds: (1) the Trumbull County Court of Common Pleas lacked subject matter jurisdiction over the "appeal" under R.C. 2506.01; (2) appellant failed to state a claim upon which relief could be granted as to her claim for breach of contract since she failed to allege or attach a contract to her complaint; (3) and appellant failed to allege any cognizable claims against appellee Emerson in either the first or second causes of action. On August 17, 2005, appellant filed a memorandum in opposition to appellees' motion to dismiss the first and second causes of action of her complaint.
 {¶ 21} A hearing was held on August 18, 2005. *Page 5 
 {¶ 22} Pursuant to its August 19, 2005 judgment entry, the trial court granted appellees' joint motion to dismiss the first and second causes of action, and indicated that the case would continue as to appellant's third count.[1] It is from that judgment that appellant filed the instant appeal and makes the following three assignments of error:
 {¶ 23} "[1.] The trial court erred in dismissing appellant[']s first cause of action (administrative appeal) for failing to state a claim[.]
 {¶ 24} "[2.] The trial court erred in dismissing appellant[']s second cause of action (breach of contract) for failing to state a claim[.]
 {¶ 25} "[3.] The trial court erred in not overruling appellees['] joint motion to dismiss for being untimely filed[.]"
 {¶ 26} In her first assignment of error, appellant argues that the trial court erred in dismissing her first cause of action for failing to state a claim. She maintains that the "Open Door Policy" is a quasi-judicial proceeding that may be appealed pursuant to R.C. 2506.01. Appellant alleges that she was entitled to the procedures of the manual and was denied due process.
 {¶ 27} R.C. 2506.01(A) provides: "* * * every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." *Page 6 
 {¶ 28} R.C. 2506.01(C) states: "* * * `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *."
 {¶ 29} "The review of proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, contemplates quasi-judicial proceedings only, and administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R.C. 2506.01.'"Rappach v. Liberty Twp. Civ. Serv. Comm., 11th Dist. No. 2004-T-0046,2005-Ohio-3088, at ¶ 7, quoting M.J. Kelley Co. v. Cleveland (1972), 32 Ohio St.2d 150, paragraph one of the syllabus.
 {¶ 30} Appellant concedes in her brief that the earmarks of a quasi-judicial proceeding include a requirement, imposed by law, of notice, a hearing and an opportunity to introduce evidence. See In reAppeal of Howard (1991), 73 Ohio App.3d 717, 719. However, a review of the "Open Door Policy" in the manual does not require notice, a formal hearing, and an opportunity to introduce evidence. It specifically states that "[t]he policy is an informal form of dispute resolution process to further positive employee relations for non-bargaining unit employees." In the instant matter, appellant was an at-will, non-bargaining unit employee. The mere existence of a dispute resolution process for at-will employees does not itself establish quasi-judicial proceedings. See, e.g., Miller v. Cleveland Hts., 8th Dist. No. 81871, 2003-Ohio-3664. At-will employees may not appeal employment decisions under R.C. 2506.01. Schack v. Geneva Civ. Serv. Comm. (1993),86 Ohio App.3d 689, 694. Thus, the trial court did not have subject matter jurisdiction over appellant's "appeal" under R.C. 2506.01. *Page 7 
 {¶ 31} Even assuming arguendo that appellant could bring an appeal from the April 13, 2005 letter, the trial court did not have jurisdiction to hear the appeal since she failed to file a timely notice of appeal with appellee TMHA. See R.C. 2506.01 and R.C. 2505.04. Therefore, no "appeal" was ever perfected. Although appellant filed a complaint in the Trumbull County Court of Common Pleas, she did not file it directly with appellee TMHA. As such, her "appeal" is fatally deficient. See Leifheit v. Bd. Of Zoning Appeals of Palmyra Twp. (June 22, 2001), 11th Dist. No. 99-P-0112, 2001 Ohio App. LEXIS 2804, at 6.
 {¶ 32} Appellant's first assignment of error is without merit.
 {¶ 33} In her second assignment of error, appellant contends that the trial court erred in dismissing her second cause of action for failure to state a claim. She alleges that the manual formed an implied contract governing the relationship between appellees and herself, an at-will employee.
 {¶ 34} In Andrews v. Lampert, 11th Dist. No. 2002-L-022, 2003-Ohio-2370, at ¶ 11, this court stated:
 {¶ 35} "[a] defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted, according to Civ.R. 12(B)(6). An appellate court's review of a dismissal under Civ.R. 12(B)(6) is de novo. West v. Sheets, 11th Dist. No. 2001-L-183, 2002-Ohio-7143, at ¶ 9, citing Mitchell v. Speedy Car X, Inc. (1998),127 Ohio App.3d 229, 231 * * *. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), `"(* * *) it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."' Taylor v. London (2000),88 Ohio St.3d 137,139 * * *, quoting O'Brien v. Univ. Comm.Tenants Union, Inc. (1975), 42 Ohio St.2d 242 *Page 8 
* * *, syllabus. `"A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory."' Firstmerit Corp. v. Convenient Food Mart,Inc. (Mar. 7, 2003), 11th Dist. No. 2001-L-226, 2003-Ohio-1094, at ¶ 7, quoting Fahnbulleh v. Strahan (1995), 73 Ohio St.3d 666, 667
* * *. Thus, `in construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party.' Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192 * * *." (Parallel citations omitted.)
 {¶ 36} "In order to successfully prosecute a breach of contract claim, the plaintiff must present evidence establishing `the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" Hurst v. Enterprise Title Agency,Inc., 157 Ohio App.3d 133, 2004-Ohio-2307, at ¶ 30, quoting Doner v.Snapp (1994), 98 Ohio App.3d 597, 600.
 {¶ 37} This court, in referencing the implied contract exception to the doctrine of at-will employment, stated in Brown v. Lowe's,Inc., 11th Dist. No. 2003-T-0059, 2004-Ohio-5457, at ¶ 49-50:
 {¶ 38} "[e]mployee manuals, company handbooks, and similar documents may be important in establishing the terms and conditions of employment, and they may create implied contracts. Cohen Co. v. Messina (1985),24 Ohio App.3d 22, 23-24 * * *. However, for such documents `to be considered valid contracts, there must be a "meeting of the minds."' Id. at 24, citing Parklawn Manor, Inc. v. Jennings-Lawrence *Page 9 Co. (1962), 119 Ohio App. 151, 156 * * *. `Absent the necessary meeting of the minds, (a handbook or manual) merely constitutes a "unilateral statement of company rules and regulations."' Kiel [v. Circuit DesignTechnology, Inc. (1988), 55 Ohio App.3d 63,] at 66, quoting Turner v.SPS Technologies, Inc. (June 4, 1987), 8th Dist. No. 51945, 1987 Ohio App. LEXIS 7318. See, also, Stites v. Napoleon Spring Works, Inc. (Nov. 15, 1996), 6th Dist. No. F-96-002, 1996 Ohio App. LEXIS 4925, (holding that unless there is mutual assent to a contract, handbook, or similar document, the document is merely a list of rules of conduct or policies which can be modified by the employer at any time). The parties must have a distinct and common intention which is communicated by each party to the other.
 {¶ 39} "`"The burden is upon the party asserting the existence of an employment contract (* * *) to prove each element necessary for the formation of the contract."' Able/S.S., Inc. v. KM E Services,Inc., 11th Dist. No. 2000-L-162, 2002-Ohio-6470, at ¶ 34, quotingBaker v. Jones Henry Engineers, Ltd. (Mar. 30, 2001), 6th Dist. No. L-00-1198, 2001 Ohio App. LEXIS 1497. Thus, an employee who asserts the existence of an implied contract must prove the existence of each element necessary to the formation or modification of a contract, including offer, acceptance, consideration, and mutual assent. See, e.g., Tersigni v. Gen. Tire, Inc. (1993), 91 Ohio App.3d 757, 760
* * *; Gargasz v. Nordson Corp. (1991), 68 Ohio App.3d 149, 154 * * *." (Parallel citations omitted.)
 {¶ 40} In the case sub judice, again, the manual provides: "I further acknowledge that the policies, benefits, rules and regulations set forth herein are not to be considered as creating terms and/or conditions of an employment contract, either expressed or *Page 10 
implied. These policies are subject to unilateral changes by the Executive Director of the TMHA or the TMHA Board without notice."
 {¶ 41} The foregoing disclaimer, signed by appellant, required her to acknowledge that the manual did not create an employment contract. The manual, by its express terms, is a unilateral statement of policies subject to change without notice.
 {¶ 42} Although appellant only attached an excerpt from the manual to her complaint, a complete copy of the manual with all relevant provisions including the disclaimer was attached to appellees' joint motion to dismiss. The dissent stresses that the trial court considered matters outside the pleadings without converting the motion to dismiss to a motion for summary judgment. However, we note that "[a] trial court has authority to consider any pertinent evidentiary materials when determining its own jurisdiction." Nemazee v. Mt. Sinai MedicalCtr. (1990), 56 Ohio St.3d 109, 111, fn. 3. Because jurisdiction is at issue here, as evidenced by appellant's first assignment of error, the trial court did not err by considering the disclaimer attached to appellees' motion to dismiss.
 {¶ 43} Appellant's second assignment of error is without merit.
 {¶ 44} In her third assignment of error, appellant maintains that the trial court erred in not overruling appellees' joint motion to dismiss for being untimely filed. She alleges that before a motion to dismiss for failing to state a cause of action under R.C. 2506.01 can be granted, the record must have been previously transmitted to the court.
 {¶ 45} R.C. 2506.02 states: "[w]ithin forty days after filing a notice of appeal in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the officer or body from which the appeal is taken, upon *Page 11 
the filing of a praecipe by the appellant, shall prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the final order, adjudication, or decision. The costs of the transcript shall be taxed as a part of the costs of the appeal."
 {¶ 46} R.C. 2506.02 does not expressly provide a penalty when the transcript is not filed. "* * * [T]he failure to timely file a transcript pursuant to R.C. 2506.02 does not, on that basis alone, entitle a party to a judgment against the agency * * *." Martin v. Cleveland Bd. of Bldg.Standards Bldg. Appeals, 8th Dist. No. 86039, 2005-Ohio-6242, at ¶ 10, citing Ferguson v. Cleveland (July 30, 1981), 8th Dist. No. 42987, 1981 Ohio App. LEXIS 14094.
 {¶ 47} In the instant case, the "Open Door Policy" of the manual does not provide for an evidentiary hearing or the generation of a transcript. Appellant alleged at the trial court level as well as before this court that she did not receive a hearing. Although appellant suggests that a transcript was "indispensable" to her "appeal," she never brought it to the attention of the trial court. Appellant fails to show any prejudice.
 {¶ 48} Appellant's third assignment of error is without merit.
 {¶ 49} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
MARY JANE TRAPP, J., concurs,
JUDITH A. CHRISTLEY, J., Ret., Eleventh Appellate District, sitting by assignment, dissents with Dissenting Opinion.
[1] Appellees filed a reply in support of their joint motion to dismiss the first and second causes of action of appellant's complaint on August 22, 2005. Appellees filed separate answers to appellant's complaint on August 31, 2005. On June 29, 2006, appellant voluntarily dismissed the third cause of action of her complaint. She respectfully reserved her right of appeal from the dismissal of the first and second causes of action set forth in her complaint. *Page 12