[Cite as *Korey v. Hunting Valley Planning & Zoning Comm.*, 2021-Ohio-1881.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| SYLVIA KOREY, TRUSTEE, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 109669 |
| v. | : | |
| PLANNING AND ZONING COMMISSION OF THE VILLAGE OF HUNTING VALLEY, ET AL., | : | |
| | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART; AND REMANDED

**RELEASED AND JOURNALIZED:** June 3, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897414

### *Appearances:*

Mansour Gavin, L.P.A., Anthony J. Coyne, Bruce G. Rinker, Tracey S. McGurk, and Kathryn E. Weber, *for appellant.*

Hauser Law, L.L.C., and Laura A. Hauser for The Cleveland Restoration Society, Heritage Ohio, and The National Trust for Historic Preservation, *Amici, for appellant.*

Stephen L. Byron, Hunting Valley Law Director, and Todd M. Raskin and David M. Smith, Counsel, *for appellees.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant, Sylvia Korey, Trustee ("appellant"), appeals the trial court's judgment affirming the decision of the Planning and Zoning Commission of the Village of Hunting Valley ("the Commission") that denied her application for a conditional-use permit and her amended request for a special-use permit. Appellant raises the following assignments of error for our review:

1. The trial court abused its discretion in finding that the decision of the [Commission] is not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence.

2. The trial court abused its discretion in concluding that the zoning code as applied to appellant was constitutional without affording appellant the opportunity to admit evidence or have a de novo hearing.

3. The trial court abused its discretion in granting appellee's motion for reconsideration of the trial court's judgment entry granting appellant's motion to introduce additional evidence and convene a hearing de novo.

{¶ 2} After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for the trial court to accept additional evidence and conduct a de novo hearing to address appellant's constitutional challenge to the zoning code as applied to her property.

## Procedural and Factual History

{¶ 3} Appellant is the owner of a home, known as "Roundwood Manor," located in the Daisy Hill Subdivision in the Village of Hunting Valley, Ohio ("the Village"). Roundwood Manor is a 55,000 square-foot residence that occupies 7.69-acres of land. The property is located in the Village's U-1 Single-Family House

District and has been used by appellant as a single-family dwelling for over 30 years. Relevant to this appeal, the Village's zoning code provides that "no dwelling shall be erected or altered to accommodate or make provision for more than one family for each five acres of lot area." Hunting Valley Codified Ordinances ("H.V.C.O.") 1155.09.

{¶ 4} In July 2017, appellant filed an application to obtain a conditional-use permit pursuant to Chapter 1157 of the Village's zoning code. The application sought to convert Roundwood Manor into a multi-family structure that would contain six luxury condominium suites. Appellant argued that the proposed conversion of Roundwood Manor offered the best approach to preserving the historic architecture of the home, which has been listed for sale since 2002. Appellant attached the following documents in support of the application:

1. Appellant's letter to Village officials;

2. Property information, including a copy of the warranty deed and a property summary report;

3. Letters from various preservation organizations and the state's historic preservation office regarding the historic character and historic significance of the property;

4. Proposed plans for the conversion of the property into six separate units; and

5. Testimonials from Village residents who supported appellant's efforts to preserve the property.

{¶ 5} In August 2017, a hearing was held to address the merits of appellant's application. On behalf of appellant, Michael Fleenor, the director of preservation programs and services for the Cleveland Restoration Society, provided extensive

testimony regarding the historic significance of the property, including (1) the property's distinctive characteristics that represent the work of a master architect, and (2) the property's association with historical figures such as Oris Paxton Van Sweringen and Mantis James Van Sweringen. Fleener also discussed the property's eligibility for historical registration in state and national preservation offices, and provided the Commission with specific examples of historic single-family homes that have been repurposed as luxury residential suites in the United States and abroad.

{¶ 6} Appellant also presented testimony from architect, Tony Paskevich who described the scope and nature of the proposed renovation and provided the Commission with preliminary drawings of the project. In addition, Village residents, Bill O'Neill and Karen Doll, and historical scholars, Dan Ruminski and Kathleen Crowther, testified on behalf of appellant's proposal. Collectively, the witnesses expressed their personal beliefs that the renovation and modified use of Roundwood Manor was necessary to avoid the destruction of the historic property. However, a trustee of the Daisy Hill Association, Jeff Karlovec, advised the Commission that the Daisy Hill Association has consistently opposed the renovation of Roundwood Manor because it is inconsistent with the single-family character of the neighborhood.

{¶ 7} Throughout the hearing, counsel for appellant argued that a conditional-use permit was appropriate to assist appellant in "preserving the characteristics and historic architectural qualities of [Roundwood Manor]." (Tr. 31.)

Although counsel "recognize[d] that the five-acre standard is the proverbial gold standard for the Village," he maintained that the circumstances presented in this case were unique and warranted a conditional-use permit that would protect appellant's property rights while respecting the "aesthetic nature of Daisy Hill and Hunting Valley." (Tr. 30; 39.) In contrast, counsel for the Daisy Hill Association argued that appellant did not qualify for a conditional-use permit under the zoning code because Roundwood Manor was neither an educational institution or a historic settlement as defined under Chapter 1157 of the zoning code.

{¶ 8} At the conclusion of the hearing, the parties agreed to continue the matter in order to receive input from the Village's planning consultant, George Smerigan. On August 25, 2017, Smerigan issued an opinion and report, stating that it was his professional opinion that Chapter 1157 of H.V.C.O. did not authorize the requested conditional use. In rendering his opinion, Smerigan noted that H.V.C.O. 1157.06 expressly establishes two uses that may result in the issuance of a conditional-use permit: (1) new private educational institutions; and (2) historic settlements as identified in Chapter 1159. Significantly, "multifamily dwellings are not listed as one of the identified conditionally permitted uses." Thus, because Roundwood Manor is neither a private educational institution or a historic settlement, Smerigan concluded that the Commission was not "empowered by Chapter 1157 to grant a conditional zoning certificate for a six-unit multifamily condominium" and that "any consideration to the contrary would create a situation

whereby the [Commission] could effectively amend the planning and zoning code through an administrative action rather than the standard legislative process."

{¶ 9} Before a judgment was issued on the pending application, appellant amended her application in light of Smerigan's report, this time requesting a special-use permit to preserve Roundwood Manor pursuant to Chapter 1155 of the Village's zoning code. In November 2017, zoning consultant, David Hartt, a Senior Advisor of Planning Services for CT Consultants, Inc., submitted a letter to the Commission on appellant's behalf. In relevant part, Hartt expressed his position that the Commission was authorized to issue a special-use permit pursuant to H.V.C.O. 1155.02(b)(7) and 1155.05(b) in order to "assure Roundwood Manor's preservation and continued contribution to the community." Relying on the foregoing sections of the zoning code, Hartt asserted that the Commission had authority to make exceptions to the code when "unique and exceptional circumstances prevail," stating:

> These exceptions ([H.V.C.O.] 1151.02; 1155.02(b)(7); and 1155.05(b)), individually or in combination, permit consideration of proposals that deviate from Hunting Valley's traditional standard of one unit per five acres.

{¶ 10} In December 2017, the Commission heard testimony and took evidence regarding the revised application. At the hearing, Hartt reiterated the contents of his report and maintained that the zoning code "permitted consideration of proposals that deviate from Hunting Valley's traditional standard of one unit per five acres." (Tr. 3.) Hartt discussed the historic and public interests supporting the

project and opined that (1) "the historic preservation is a valid public interest," (2) "conversely, the public interest is not served if [Roundwood Manor] is neglected or subject to demolition," (3) an alternative use is necessary to "assure the preservation and the economic viability of the property," and (4) "the proposed use is the least intrusive of all the alternatives." (Tr. 11-12.) He explained that, in his view, the renovation (1) will have adequate roadways, access and parking; (2) will have adequate utilities; (3) will not adversely burden public services or facilities; (4) will not result in destruction or loss of historic features of importance; (5) will not involve uses or activity detrimental to persons or property; and (6) will not interfere with the use of neighboring property. Hartt acknowledged that a six-unit building would increase the activity on the property, but opined that the multi-family residential use of the property would not change the essential character of the neighborhood and would be less impactful than other possible Class U-2 (Residential-Special Permit) uses that are identified in the zoning code. Hartt further opined that the application would not set a detrimental precedent or otherwise undermine the five-acre zoning requirement due to the unique structural and historical aspects of Roundwood Manor, which he believed are not replicated in the Village.

{¶ 11} At the conclusion of the December 2017 hearing, the parties agreed to provide Smerigan the opportunity to issue a supplemental report in response to the arguments posed in the revised application. The Commission further explained that a final hearing would be required to address the contents of Smerigan's supplemental report.

{¶ 12} On January 29, 2018, Smerigan issued a supplemental report. In relevant part, Smerigan concluded that in his professional opinion, appellant's amended application for a special-use permit "cannot be approved." Smerigan explained as follows:

> The applicant has submitted insufficient evidence for the Commission to make the required findings for the granting of the requested special permit as required by sections 1155.05 and 1155.02. There is, in fact, clear evidence that the proposed development does not meet the required standards for a special permit as they are set forth in those sections of the Code. It is further my opinion that the proposed six-unit multifamily condominium use would violate the minimum lot area per dwelling unit provision of Section 1155.09 and that the mere desire for historical preservation is insufficient to justify a variance to the maximum density provision of the U-1 single-family house district.

{¶ 13} In March 2018, the Commission held a third and final evidentiary hearing. At the hearing, counsel for appellant read a letter from Fred Geis, a property developer with Hemingway Development. In the letter, Geis described his experience with high-end renovations and historic preservation. Having reviewed all relevant materials, Geis stated that, in his professional opinion, the renovation of Roundwood Manor was economically feasible.

{¶ 14} In addition, counsel for appellant cross-examined Smerigan regarding his supplemental report and recommendation. Smerigan reiterated his position that the proposal would have a detrimental impact on the values of adjacent properties and is inconsistent with use in a U-1 district, including the five-acre density requirement for single-family dwellings. However, he conceded that the

zoning code provides the Commission with "a broad amount of discretion" to issue a special-use permit. (Tr. 65-66.)

{¶ 15} Finally, appellant provided extensive testimony regarding her efforts to sell Roundwood Manor. She explained that the home has been on the market since June 2002, and has only received one oral offer from an individual who expressed an intent to demolish Roundwood Manor.

{¶ 16} In April 2018, the Commission issued a final order denying appellant's request for a conditional-use permit and her amended request for a special-use permit. In this order, the Commission agreed that H.V.C.O. 1155.02(b)(7) grants the Commission broad discretion to issue special-use permits. Nevertheless, the Commission determined that a property's "historical significance" does not preempt relevant zoning regulations, including the "five acre per residential unit" density requirement, which "is the sine qua non of Hunting Valley's Zoning Code." Thus, the Commission found, in relevant part:

> In consideration of the facts identified herein, the Applicant's request for a Conditional Use Permit is denied because she has not requested an established "conditionally permitted use," which uses are identified in Section 1157.06 of the Codified Ordinances. Applicant's property has not been designated as an "Historic District," pursuant to Section 1159.02. Applicant's property does not have sufficient acreage to be zoned and developed under Chapter 1159. Chapter 1157 does not contemplate a Conditional Use permit that may be issued independently of regulations established elsewhere in the Code.
>
> The Applicant's request for a Special Use Permit is denied because it is not "* * * in general keeping and compatible with the uses authorized for a Class U-1 or Class U-2 classification * * *." The residential density is not consistent with every other residential development that has been built in the Village since the five-acres per residential unit

requirement was enacted as law. The proposed use is also likely to substantially injure the neighboring property and the entire Village.

{¶ 17} In May 2018, appellant appealed the Commission's decision to the common pleas court pursuant to R.C. 2506.04.

{¶ 18} In August 2018, appellant filed a motion to introduce additional evidence and convene a hearing de novo. Appellant argued that a de novo hearing was necessary to properly address constitutional issues that the Commission did not have jurisdiction to consider. In support of her motion, appellant noted that the clear mandate long articulated by the Eighth District Court of Appeals is that (1) the constitutionality of a zoning ordinance "may be raised for the first time when the landowner appeals an adverse administrative decision to the court of common pleas," and (2) "any constitutional issue so raised shall be tried originally in the common pleas court with the court permitting the parties to offer additional evidence."

{¶ 19} The Village opposed the motion, arguing that appellant "failed to comply with the statutory requirements of R.C. 2506.03, and * * * failed to state a valid constitutional claim which would warrant the submission of additional evidence."

{¶ 20} In November 2018, the trial court granted appellant's motion to introduce additional evidence and convene a de novo hearing. In response, the Village immediately filed a motion for reconsideration that urged the trial court to determine that appellant failed to present a sufficient basis for the introduction of

additional evidence. Regarding appellant's alleged constitutional claim, the Village argued that appellant's motion was "fatally flawed" because she merely challenged the constitutionality of the Commission's decision, as opposed to challenging the constitutionality of the applicable sections of the Village's zoning code. Thus, the Village maintained that appellant's administrative appeal must be confined to the transcript that was filed with the court in accordance with R.C. 2506.02.

{¶ 21} Appellant filed a brief in opposition to the motion for reconsideration, arguing that her motion for an evidentiary hearing sufficiently articulated constitutional claims and that the Village's motion "ignores the record and endeavors to reframe the law and the issues in this case inappropriately."

{¶ 22} In December 2018, the trial court granted the Village's motion for reconsideration and the matter was scheduled to "proceed on a briefing schedule on the transcript from the original proceedings."

{¶ 23} In March 2019, appellant filed a brief in support of her administrative appeal, raising two assigned errors:

1. The preponderance of the probative evidence on the whole record demonstrates that appellant is entitled to receive the special zoning permit, the denial of which is conversely unsupported by the preponderance of probative evidence on the whole record, such that the decision of the [Commission] constitutes an abuse of discretion.

2. The 5:1 acreage-to-residence zoning regulation as applied to appellant's property, unreasonably, arbitrarily, and unconstitutionally denies appellant due process of law by failing to advance a legitimate government interest; the Commission should be ordered to issue the special permit to appellant.

{¶ 24} In March 2020, the trial court affirmed the Commission's decision, stating, in relevant part:

> This court agrees with the Commission's decision. Appellant has resided at the property for 30 years as her single-family dwelling. Mere diminution of market value or interference with a property owner's personal plans regarding their property is insufficient to invalidate a municipal ordinance or to entitle the property owner to a variance. * * * As the crux of appellant's reasoning relates to the marketability of her home, appellant has failed to submit substantial, reliable, and probative evidence to meet the special permit standards.
>
> Appellant also argues that the ordinance is unconstitutional as applied to her property. * * * Here, it is clear that the 5:1 ratio of acres to dwellings has a reasonable relationship to the municipality's ability to maintain the character of the neighborhood. The Village has a rational basis for denying the ordinance as the entire community developed as a single-family dwelling neighborhood, and plaintiff's interests in increasing the marketability of the property does not render the Code as applied to her property unconstitutional.

{¶ 25} Appellant now appeals from the trial court's judgment.

## Law and Analysis

### A. Denial of Special-Use Permit

{¶ 26} In her first assignment of error, appellant argues the trial court abused its discretion in finding that the decision of the Commission is not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Appellant contends that, contrary to the trial court's judgment, the evidence demonstrated that she was entitled to a special-use permit under Chapter 1155 of the zoning code. Appellant presents no arguments regarding the denial of her application for a conditional-use permit.

{¶ 27} Decisions of administrative agencies are directly appealable to a court of common pleas. "A common pleas court has jurisdiction to review final orders issued by 'any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state.'" *Shelly Materials, Inc. v. Streetsboro Planning & Zoning Comm.*, 158 Ohio St.3d 476, 2019-Ohio-4499, 145 N.E.3d 246, ¶ 12, quoting R.C. 2506.01(A). The trial court, under this review process, essentially acts as an appellate court, and "'may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.'" *Id.*, quoting R.C. 2506.04. These grounds for reversal are set forth in a disjunctive list, so each ground must be read to have a distinct meaning. *Id.*, citing *Freedom Rd. Found. v. Ohio Dept. of Liquor Control,* 80 Ohio St.3d 202, 205, 685 N.E.2d 522 (1997). "The presence of any one of the six grounds listed in R.C. 2506.04 will therefore by itself justify a court of common pleas' reversal of an administrative order." *Id.*

{¶ 28} Under the trial court's standard of review, the "'court weighs the evidence to determine whether a preponderance of reliable, probative, and substantial evidence supports the administrative decision, and if it does, the court may not substitute its judgment for that of' the administrative agency." *Id.* at ¶ 13, quoting *Independence v. Office of the Cuyahoga Cty. Executive,* 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 13. Nevertheless, "R.C. Chapter 2506 confers on the common pleas courts the power to examine the whole record, make factual

and legal determinations, and reverse the board's decision if it is not supported by a preponderance of substantial, reliable, and probative evidence." *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 24, citing *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).

{¶ 29} The judgment of the court of common pleas may be appealed to the appellate court on questions of law. R.C. 2506.04. "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires [the appellate court] to affirm the common pleas court, unless [it] finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). That "does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), quoting *Kisil* at 34, fn. 4. "In this context, a reversal 'as a matter of law' can occur only when, having viewed the evidence most favorably to the decision, there are no facts to support the common pleas court decision." *Kurutz v. Cleveland*, 8th Dist. Cuyahoga No. 105899, 2018-Ohio-2398, ¶ 8. "In sum, the standard of review for courts of appeals in administrative appeals is designed to strongly favor affirmance." *Cleveland Clinic Found.* at ¶ 30.

**{¶ 30}** Thus, this court will only review the judgment of the trial court to determine if the lower court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. *Cleveland v. Posner,* 188 Ohio App.3d 421, 2010-Ohio-3091, 935 N.E.2d 882, ¶ 12 (8th Dist.). "A court abuses its discretion when a legal rule entrusts a decision to a judge's discretion, and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, Slip Opinion No. 2020-Ohio-6699, ¶ 19, citing *United States v. E.I. du Pont de Nemours & Co.*, 366 U.S. 316, 372, 81 S.Ct. 1243, 6 L.Ed.2d 318 (1961) (Frankfurter, J., dissenting). Abuse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

**{¶ 31}** Chapter 1155 of the H.V.C.O. governs the zoning of districts and the use of property in the Village. In order to regulate and restrict the use of buildings and premises located in the Village, including "the location of single-family houses and * * * the number of square feet lot area per family housed," the Village is divided into districts that each have permitted uses. The three "use districts" designated in the zoning code are termed (1) "Class U-1 (Single-Family House)," (2) "Class U-3 (Institutional)," and (3) "Class CDD (Conservation Development District)." The Village also permits a category of specially permitted uses termed "Class U-2 (Residential-Special Permit)." Under H.V.C.O. 1155.01, buildings and premises are not permitted to be erected or used in the Village unless they conform with the

regulations prescribed in the zoning code for "use, height, and area districts in which such building or premises are located."

{¶ 32} As stated, Roundwood Manor is located in a Class U-1, single-family district. The classified use for this district is limited to "single-family dwellings." H.V.C.O. 1155.02(a)(1). Among other restrictions placed on single-family dwellings, H.V.C.O. 1155.09(a) provides that "[n]o dwelling shall be * * * altered to accommodate or make provision for more than one family for each five acres of lot area."

{¶ 33} In this case, appellant sought to overcome the applicable density restriction placed on her single-family residence by requesting a Class U-2 special-use permit pursuant to H.V.C.O. 1155.02(b)(7). This catchall provision of the zoning code authorizes the Commission to grant a special-use permit for

> [a]ny use in general keeping and compatible with the uses authorized for a Class U-1 or Class U-2 classification and which preserves environmental values.

H.V.C.O. 1155.02(b).

{¶ 34} The procedure for obtaining a special-use permit is governed by H.V.C.O. 1155.05. The ordinance provides, in relevant part:

> The Planning and Zoning Commission may, in specific cases, after public notice and hearing and subject to such conditions and safeguards as the Commission may establish, issue special permits for Class U-2 uses and determine and vary the application of the use district regulations herein established, which permission shall be confirmed by resolution of Council before becoming effective, as follows:
>
> * * *

> Permit in a use district any use deemed by the Commission to be in general keeping with the uses authorized in such district, provided that such use in such a location will not, in the judgment of the [Commission], substantially injure the appropriate use of the neighboring property.

H.V.C.O. 1155.05(b).

{¶ 35} Thus, the relevant inquiry in this case is whether the proposed multi-family use of Roundwood Manor is a permitted Class-U-2 use as defined under H.V.C.O. 1155.02(b)(7) and, if so, whether the special use (1) is deemed by the Commission to be in general keeping with the single-family dwelling use authorized in a Class U-1 district and (2) will not substantially injure the appropriate single-family use of the neighboring property.

{¶ 36} Generally, "the question of whether or not a special permit should be granted is committed to the sound discretion of the zoning board." *Town Ctr. Dev. Co. v. Cleveland*, 8th Dist. Cuyahoga No. 42379, 1980 Ohio App. LEXIS 13132, 5 (Dec. 18, 1980); *see also Eckert v. Warren Cty. Rural Bd. of Zoning Appeals*, 12th Dist. Warren Nos. CA2017-06-095, CA2017-07-107, CA2017-07-108, and CA2017-07-109, 2018-Ohio-4384, ¶ 70 ("[l]ocal zoning authorities have significant discretion to determine whether or not a proposed use complies with the special permit criteria, and courts will generally defer to their decisions."). In this regard, "'[a]n administrative agency's reasonable interpretation of local zoning codes is recognized as an area of administrative expertise and is to be presumed valid.'" *JP Morgan Chase Bank, Inc. v. Dublin*, 10th Dist. Franklin No. 10AP-965, 2011-Ohio-3823, ¶ 11, quoting *Glass City Academy Inc. v. Toledo*, 179 Ohio App.3d 796, 2008-

Ohio-6391, 903 N.E.2d 1236, ¶ 18 (6th Dist.), citing *Lamar Outdoor Advertising, Inc. v. Dayton Bd. of Zoning Appeals*, 2d Dist. Montgomery No. 20158, 2004-Ohio-4796, ¶ 6, and *Dick v. Kelleys Island Bd. of Zoning*, 6th Dist. Erie No. E-86-63, 1987 Ohio App. LEXIS 7535 (June 19, 1987). Unless the interpretation of a local zoning code is clearly in error, a court should defer to the administrative interpretation. *In re Aultman Hosp.*, 80 Ohio App.3d 134, 139, 608 N.E.2d 1104 (10th Dist.1992). Such deference "is based upon an awareness that an administrative judgment is '* * * the product of administrative experience, appreciation of the complexities of the problem, realization of the statutory policies and responsible treatment of the facts.'" *Id.*, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 151, 545 N.E.2d 1260 (1989).

{¶ 37} Within this assignment of error, appellant challenges the trial court's determination that the Commission's decision was supported by the preponderance of substantial, reliable, and probative evidence in the record. Importantly, this assigned error does not claim that the administrative decision was otherwise unconstitutional, illegal, arbitrary, capricious, or unreasonable. Thus, our review is limited to the evidentiary argument posed by appellant.

{¶ 38} Regarding the requirements of H.V.C.O. Chapter 1155, appellant argues the trial court arbitrarily upheld the Commission's conclusion that her proposed multi-family use of Roundwood Manor was not in general keeping with the single-family dwelling use authorized in a Class U-1 district. Appellant notes that Roundwood Manor will continue to be used for residential purposes and will

not be expanded beyond its current footprint. Appellant further contends she presented substantial and credible evidence that her proposal would not substantially injure the appropriate use of neighboring properties. Rather, appellant suggests that the conversion of Roundwood Manor into a multi-family residential property would constitute a "benefit to the community" because the project would preserve a historic landmark without adversely impairing existing public services or facilities, and without requiring additional roads, access, parking, or water and septic systems.

{¶ 39} In support of the foregoing arguments, appellant maintains that the Commission and, in turn, the trial court "ignored" the objective conclusions reached by her expert, David Hartt, while simultaneously relying on the subjective testimony posed by the Village's consultant, George Smerigan. Appellant argues that Smerigan "failed to conduct the proper analysis under chapter 1155," and articulated unsubstantiated opinions that were premised on "mere speculations and assumptions."

{¶ 40} Based upon our review of the hearing transcripts in this case, and in light of our limited standard of review, we find the trial court's affirmance of the Commission's decision to deny appellant's request for a special-use permit is supported by reliable, probative, and substantial evidence in the record. In this case, it is undisputed that the proposed multi-family project could not comply with the zoning code's requirement that each single-family dwelling located within a Class U-1 district have five acres of land. H.V.C.O. 1155.09. Given the express language of

the zoning code, we are unable to conclude that there are no facts to support the common pleas court conclusion that "varying from the requirement of one single-family residence per five acres would not be in general keeping and compatible with uses authorized in the district."

{¶ 41} Moreover, the evidence submitted to the Commission supports the trial court's determination that the proposed six-unit condominium "would substantially harm neighboring properties because it would create more noise, traffic, and light in the Village." Smerigan testified at length concerning the significance of the five-acre density requirement and the negative impact the six-unit condominium would have on neighboring properties. Smerigan explained that the five-acre per dwelling requirement was "the core value" of the Village, and that the proposed use of Roundwood Manor would harm the value of adjacent properties. In his supplemental report, Smerigan summarized the substantial injuries that would be caused to neighboring properties as follows:

> In regards to the issue of adverse impacts on adjoining properties, the additional dwellings will mean additional vehicular traffic. Based upon Institute of Traffic Engineers traffic generation standards, the increase will be at least four (4) times. Those coming and goings by residents and their guests will also generate additional noise and activity that will impact adjacent property owners. The likelihood of parties or gatherings, which translate into increased traffic and noise, will be six times more likely than for a single residence. The neighboring property owners did not have an expectation that they would be living adjacent to a multi-family building and the more intensive use of the land that such use implies.

Smerigan reiterated his concerns during the March 13, 2018 evidentiary hearing, stating that the proposed project would "change the nature and character of the

Village" and "adversely impact a fairly significant number of property owners." (Tr. 62.) Smerigan testified that a variance of the density requirement under these circumstances would lead to a significant increase in the population, thereby resulting in changes to public services and utilities.

{¶ 42} Notably, appellant's own expert, Hartt, did not dispute that a six-family unit building would result in an increase of activity when compared to a single-family building. (Tr. 19.) We recognize that Hartt attempted to minimize the potential impact of the proposed project by suggesting that the multi-family use would result in less activity than would be produced by other Class U-2 uses identified under H.V.C.O. 1155.02(b), such as municipal buildings, fire stations, police stations, and private horse stables. Hartt's comparative argument, however, is unpersuasive as a matter of law. Pursuant to the zoning code, applications for special-use permits must be resolved on a case-by-case basis and, as recognized by the Commission, "the fact that a more objectionable [special use] could be proposed for the site does not warrant the conclusion that [appellant's] proposed use is permissible."

{¶ 43} Although appellant asserts that there is no evidence to support the Commission's decision, her evidentiary argument inherently asks this court to weigh the evidence presented on her behalf and arrive at a different conclusion than reached by the Commission and the trial court. As discussed, this is not a situation where no evidence was presented in support of the Commission's decision. The Village presented extensive testimony that outlined the ways in which appellant's

special-use permit was not compatible with the use authorized in Class U-1 districts and described the negative effects the proposed use would have on neighboring properties. Although both sides presented the Commission with countervailing evidence in support of their respective positions, "it is not for this court to weigh the competing evidence or question the manner in which the evidence was weighed below." *Vang v. Cleveland*, 8th Dist. Cuyahoga No. 106519, 2018-Ohio-3312, ¶ 10, citing *Henley*, 90 Ohio St.3d at 147, 735 N.E.2d 433.

{¶ 44} Based on the foregoing, we find no error of law that would compel this court to reverse the lower court's decision to uphold the Commission's denial of appellant's request for a special-use permit.

{¶ 45} Appellant's first assignment of error is overruled.

## B. Denial of Opportunity to Admit Additional Evidence

{¶ 46} In her second assignment of error, appellant argues the trial court abused its discretion by summarily denying her request to admit additional evidence in support of her claim that "the 5:1 acreage-to-residence zoning regulation" is unconstitutional as applied to Roundwood Manor. Appellant contends that she was entitled to a de novo hearing and the opportunity to supplement the record because the evidence supporting her constitutional claim was not sufficiently addressed in the administrative record.

{¶ 47} It is well settled that "a zoning ordinance may be challenged as unconstitutional on its face or as applied to a particular set of facts." *Jaylin Invests., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903, ¶ 11,

citing *Belden v. Union Cent. Life Ins. Co.*, 143 Ohio St. 329, 55 N.E.2d 629 (1944), paragraph four of the syllabus. When a zoning ordinance is challenged on its face, "the challenger alleges that the overall ordinance, on its face, has no rational relationship to a legitimate governmental purpose and it may not constitutionally be applied under any circumstances." *Id.* at ¶ 11, citing *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 137, 729 N.E.2d 359 (2000). In contrast, when a zoning ordinance is challenged as applied, the challenger is contesting the validity of the ordinance as it applies to a particular parcel of property. *Id.* at ¶ 12, citing *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14.

{¶ 48} A party raising an as-applied constitutional challenge must prove by clear and convincing evidence that the statute is unconstitutional when applied to an existing set of facts. *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 181. In such a situation, "the ordinance will be presumed to be constitutional unless it is determined 'beyond fair debate' to be 'clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community.'" *Jaylin* at ¶ 13, quoting *Goldberg Cos., Inc. v. Richmond Hts. City Council*, 81 Ohio St.3d 207, 690 N.E.2d 510 (1998), syllabus.

{¶ 49} In Ohio, "'[a] constitutional facial challenge to a zoning ordinance is improper in the context of an administrative appeal.'" *Ziss Bros. Constr. Co., Inc. v. Independence Planning Comm.*, 8th Dist. Cuyahoga No. 90993, 2008-Ohio-6850,

¶ 34, citing *Cappas & Karas Invest., Inc. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 85124, 2005-Ohio-2735. "'[T]he proper vehicle for challenging the constitutionality of an ordinance on its face is a declaratory judgment action.'" *Id.* at ¶ 35. On the other hand, if an ordinance is challenged as applied to a particular property, "considerations of judicial economy allow the common pleas court in an administrative appeal to address the constitutionality of a zoning ordinance." *Id.* When an as-applied constitutional challenge is raised during an administrative appeal, the issue for determination is whether the ordinance, in proscribing a landowner's proposed use of his land, has any reasonable relationship to the legitimate exercise of police power by the municipality. *Mobil Oil Corp. v. Rocky River*, 38 Ohio St.2d 23, 309 N.E.2d 900 (1974), syllabus.

{¶ 50} In this case, appellant did not attempt to challenge the constitutionality of H.V.C.O. 1155.09 on its face. Rather, the second assignment of error set forth in appellant's administrative appeal argued that the 5:1 acreage-to-residence zoning regulation was unconstitutional *as applied to her property*. Without having the opportunity to support her constitutional claim with additional evidence, the trial court addressed and rejected appellant's constitutional argument, finding the density restriction "had a reasonable relationship to the municipality's ability to maintain the character of the neighborhood."

{¶ 51} This court has recognized that "an administrative agency, such as a board of zoning appeals, cannot determine whether an ordinance is unconstitutional as applied to a particular parcel." *Bencin v. Bd. of Bldg. & Zoning Appeals*, 8th Dist.

Cuyahoga No. 92991, 2009-Ohio-5570, ¶ 10, citing *Roy v. Cleveland Bd. of Zoning Appeals*, 145 Ohio App.3d 432, 763 N.E.2d 240 (8th Dist.2001); *SMC, Inc. v. Laudi*, 44 Ohio App.2d 325, 338 N.E.2d 547 (1975); *Mobil Oil Corp.* at 309; *FRC of Kamms Corner, Inc. v. Cleveland Bd. of Zoning Appeals*, 14 Ohio App.3d 372, 471 N.E.2d 845 (8th Dist.1984); *Scafaria v. Fairview Park*, 8th Dist. Cuyahoga No. 61008, 1992 Ohio App. LEXIS 5709 (Nov. 12, 1992); *Marquette Steel Co. v. Cleveland Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 48397, 1985 Ohio App. LEXIS 5425 (Jan. 3, 1985). Thus, when an as-applied constitutional claim is raised for the first time during an administrative appeal, "the constitutional claim shall be tried de novo in the court of common pleas." *Scafaria* at 6. In addition, the parties must be given an opportunity to present additional evidence on the constitutional claim. *Roy* at 436, citing *FRC* at 373; *see also Knight v. Cleveland Civ. Serv. Comm.*, 2016-Ohio-5133, 76 N.E.3d 321, ¶ 27 (8th Dist.).

{¶ 52} On appeal, the Village maintains that the trial court properly declined appellant's request to perform a de novo review. The Village argues that while appellant's motion to introduce additional evidence and convene a hearing de novo characterized her constitutional claim as an "as-applied" challenge, the substance of her argument constituted a challenge to the "constitutionality of the [Commission's] administrative decision denying her application for a special use permit." Thus, the Village contends that appellant's argument posed issues concerning the constitutionality of the administrative decision, and the procedures applied by the

Commission that must be resolved "based upon the evidentiary record that was developed before the administrative body."

{¶ 53} In support of its position, the Village relies on this court's decision in *Ziss*, 8th Dist. Cuyahoga No. 90993, 2008-Ohio-6850. In *Ziss*, this court recognized that the constitutionality of an ordinance as applied to the property in question can be challenged as part as an administrative appeal under R.C. Chapter 2506. *Id.* at ¶ 36. However, this court affirmed the trial court's denial of Ziss's request to expand the record because the substance of the constitutional argument was insufficient to warrant additional evidence and a de novo hearing. This court explained that although Ziss's argument was phrased as an as-applied constitutional challenge, "it fail[ed] to 'attack the constitutionality of any particular statute.'" Rather, Ziss's constitutional argument attacked the acts or omissions of the administrative zoning commission and, as such, was "'a *factual* challenge to the procedure [of the zoning commission], not a *legal* challenge to the constitutionality of the statute in question.'" (Emphasis sic.) *Id.* at ¶ 44, quoting *Lomaz v. Ohio DOC*, 11th Dist. Portage Nos. 2004-P-0071 and 2004-P-0072, 2005-Ohio-7052, ¶ 47.

{¶ 54} After careful consideration, we are unpersuaded by the Village's reliance on *Ziss*. Notwithstanding appellant's reference to the inadequacy of the Commission's "administrative decision," we find the arguments posed in appellant's motion to introduce additional evidence and convene a hearing de novo can be reasonably interpreted as a challenge to the constitutionality of the ordinance as applied to her specific property. In the motion, appellant noted that she intended to

pursue constitutional arguments that the Commission did not have jurisdiction to review, including her belief that the application of the zoning regulation to her proposed use of her property did not "advance substantially the public health, safety, and welfare of the community." Citing this court's decision in *Roy,* 145 Ohio App.3d 432, 763 N.E.2d 240, appellant advised the trial court of this court's clear mandate that "a challenge to the constitutionality of an ordinance, as applied to a particular parcel, may also be brought pursuant to R.C. Chapter 2506," and "must be tried de novo by the common pleas court." Appellant reiterated her constitutional argument in her brief in support of her administrative appeal, stating that "isofar as [H.V.C.O. 1155.09] has been applied to her property to deny her a special permit, the imposition of the regulation violated her constitutionally protected property rights as an Ohioan." In addition, appellant's brief addressed relevant case law involving analogues as-applied constitutional challenges to minimum lot sizes, and maintained that no legitimate governmental interest was advanced by the application of the Village's five-acre density restriction to Roundwood Manor. Thus, unlike the circumstances presented in *Ziss*, appellant's constitutional argument went beyond the Commission's application and interpretation of the relevant zoning codes, and undoubtedly raised an as-applied constitutional challenge to a specific section of the zoning code that the Commission did not have the authority to consider. *See Bencin*, 8th Dist. Cuyahoga No. 92991, 2009-Ohio-5570, at ¶ 12 (distinguishing the facts of *Ziss*).

{¶ 55} Under these circumstances, we find the trial court erred by addressing the merits of appellant's as-applied constitutional challenge without permitting appellant to offer additional evidence in support of her claim that the ordinance is unconstitutional as applied to the subject property. In addition, the trial court erred by failing to provide appellant the opportunity to present her constitutional claim at a de novo hearing. The judgment of the trial court is reversed, in part, and the matter is remanded for further proceedings consistent with this opinion.

{¶ 56} Appellant's second assignment of error is sustained. The third assignment of error is rendered moot by our resolution of this assigned error.

### III. Conclusion

{¶ 57} Based on the forgoing, we affirm the trial court's judgment upholding the Commission's denial of appellant's request for a special-use permit. However, we reverse the trial court's judgment denying appellant's motion to introduce additional evidence and convene a de novo hearing. The matter is therefore remanded for the trial court to conduct a de novo hearing upon providing appellant the opportunity to present additional evidence in support of her argument that relevant portions of the Village's zoning code are unconstitutional as applied to Roundwood Manor.

{¶ 58} Judgment affirmed in part, reversed in part, and remanded for further proceedings.

It is ordered that the parties share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR